**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 9:26-cv-80865**

**CHRISTOPHER SHARP,**
*individually and on behalf of all others similarly situated,*

Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**v.**

**NETCREDIT LOAN SERVICES, LLC D/B/A NETCREDIT,**

Defendant.
________________________________/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Christopher Sharp ("Plaintiff") brings this class action against NetCredit Loan Services, LLC D/B/A NetCredit ("Defendant") for violations of the Florida Consumer Collection Practices Act ("FCCPA") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. The TCPA affords special protections for people who, like Plaintiff, receive any call using any artificial or prerecorded voice. Specifically, the TCPA provides that each person who receives any such call is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

## NATURE OF THE CLAIM

2. This is a putative class action arising from Defendant's violations of the TCPA.

3. Defendant places unsolicited telephone calls utilizing an artificial and/or prerecorded voice.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

6. Supplemental jurisdiction exists for the FCCPA claims under 28 U.S.C. § 1367

7. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Palm Beach County, Florida.

8. Venue of this action is proper in this Court because the cause of action alleged below arose in Palm Beach County, Florida.

## PARTIES

9. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Palm Beach County, Florida.

10. Defendant is a Limited Liability Company with its headquarters located in Chicago, Illinois.

11. Unless otherwise indicated, the use of Defendant's name in this First Amended Class Action Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

### Background

12. On or about February 10, 2026, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

13. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

14. The Subject Service was primarily for personal, family, or household purposes.

### The Unlawful Communications

15. On or about February 10, 2026, Defendant began attempting to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the "First Collection Communication").

16. A screenshot of the First Collection Communication is attached hereto as "Exhibit A."

17. On or about February 10, 2026, Plaintiff sent Defendant a stop request/cease and desist letter, requesting Defendant to stop contacting Plaintiff.

18. The "Stop Request/Cease and Desist Letter" is also attached hereto as "Exhibit A."

19. Upon information and belief, the Stop Request/Cease and Desist Letter was received by Defendant on February 10, 2025.

20. Upon receipt of the Stop Request/Cease and Desist Letter, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

21. On or about February 15, 2026, despite knowing that Plaintiff had requested Defendant to stop contacting them, Defendant sent Plaintiff another collection communication in an attempt to collect the Consumer Debt (the "Second Collection Communication").

22. The Second Collection Communication is attached hereto as "Exhibit B."

23. The Second Collection Communication stated: "Please Pay Off Your Past Due Balance…"

**Robocall**

24. On or about March 2, 2026, Defendant placed a call using a prerecorded voice message to Plaintiff's cellular telephone number ending in 2173 (the "2173" Number"). During the call, Defendant played a prerecorded voice message identifying Defendant and important matter to discuss. The message used by Defendant was recorded prior to it being utilized during the call to Plaintiff, and a live person did not read a script during the call:

25. The prerecorded calls Plaintiff received originated from the telephone numbers 1-877-392-2017 using a recording of a generic sounding voice.

26. Plaintiff received the subject calls with a prerecorded voice within this County and, therefore, Defendant's violation of the TCPA occurred within this County. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this District.

27. At no point in time did Plaintiff provide Defendant with their consent to be contacted with a prerecorded call.

28. Plaintiff is the subscriber and sole user of the 2173 Number and is financially responsible for phone service to the 2173 Number.

29. Defendant's unsolicited prerecorded call caused Plaintiff and the Class members actual harm, including intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

30. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

31. Plaintiff brings this case on behalf of the classes defined as follows (collectively, the "Classes"):

> **Cease Class - All consumers with Florida addresses that were sent a collection communication from and/or by Defendant, or someone on Defendant's behalf in an attempt to collect a debt during the twenty-four (24) months preceding the filing of this First Amended Class Action Complaint whereby said collection communication was sent to the consumer after the consumer requested Defendant to cease communication with the consumer.**
>
> **Robocall Class - All persons in the United States who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone, from Defendant.**

32. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

33. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

34. Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to at least 50 consumers throughout the United States without their consent. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

35. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

36. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) As to the Cease Class:

i. Whether Defendant sent a collection communication to Plaintiff and members of the Class in an attempt to collect a debt;

ii. Whether Defendant is a "person" within the meaning of Fla. Stat. § 559.72;

iii. Whether Defendant, by and through said collection communications, violated the FCCPA;

iv. Whether Defendant is liable for damages, and the amount of such damages; and

v. Whether Defendant should be enjoined from such conduct in the future.

(b) As to the Robocall Class:

i. Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;

ii. Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

iii. Whether Defendant's conduct was knowing and willful;

iv. Whether Defendant is liable for damages, and the amount of such damages; and

v. Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

40. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF FLA. STAT. § 559.72 (7)**
***(For Plaintiff and the Cease Class)***

43. Plaintiff, individually and on behalf of the Cease Class, incorporates by reference paragraphs 5–23, 30–33, and 36–42, of this First Amended Class Action Complaint as though fully stated herein.

44. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions. *See generally* Fla. Stat. § 559.72. Specifically, in collecting consumer debts and pursuant to the FCCPA, no person shall: "willfully engage in [] conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7) (emphasis added).

45. As stated above, on or about February 10, 2026, Defendant was notified in writing, by and through the Stop Request/Cease and Desist Letter, that Plaintiff requested Defendant to stop contacting them

46. As such, Defendant knew Plaintiff requested Defendant to stop contacting Plaintiff. Despite knowing this, Defendant communicated with and/or contacted Plaintiff in connection with the collection of the Consumer Debt, by and through the Second/Subject Collection Communications.

47. In doing so, Defendant willfully engaged in conduct which could reasonably be expected to abuse or harass Plaintiff. As such, by and through the Second/ Subject Collection Communications, Defendant violated Fla. Stat. § 559.72(7).

**COUNT II**
**VIOLATIONS OF THE TCPA**
**(On Behalf of Plaintiff and the Robocall Class)**

48. Plaintiff, individually and on behalf of the Robocall Class, incorporates by reference paragraphs 1–11 and 24–42, of this First Amended Class Action Complaint as though fully stated herein.

49. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

50. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

51. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

52. Defendant did not have prior consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

53. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii) and 64.1200(a)(1)(iii) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

54. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

55. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff

and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA and as provided by Fla. Stat. § 559.77(2);;

c) An order declaring that Defendant's actions, as set out above, violates the TCPA and violates Fla. Stat. § 559.72(7);

d) An injunction requiring Defendant to cease its conduct in placing prerecorded calls in violation of the TCPA;

e) An injunction requiring Defendant to comply with Fla. Stat. § 559.72(7);

f) Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: June 24, 2026

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.

**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
*The Law Offices of Jibrael S. Hindi*
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 754-444-7539

*COUNSEL FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using the Court's Case Management/Electronic Case Files (CM/ECF) system, which will electronically serve all counsel of record.

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.

**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
**SAMUEL J. AWAD, ESQ.**

Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com

# Exhibit A

Gmail

Nicholas Gioino <nicholas@jibraellaw.com>

## Re: Christopher Sharp. Stop letter to Net Credit Fwd: Please Pay Off Your Past Due Balance

1 message

**Chris** <reckognize6996@gmail.com> Sun, Feb 15, 2026 at 7:23 PM
To: Nick Jibrael Hindi Team <Nicholas@jibraellaw.com>

---------- Forwarded message ---------
From: **Chris** <reckognize6996@gmail.com>
Date: Tue, Feb 10, 2026, 5:22 PM
Subject: Re: Please Pay Off Your Past Due Balance
To: NetCredit <Reply@e.netcredit.com>

Stop
Please cease all contact please stop all call contact
Please stop all text contact

On Tue, Feb 10, 2026, 4:30 PM NetCredit <mail@e.netcredit.com> wrote:

NetCredit™
CREDIT TO THE PEOPLE

# Please Make a Payment Today

Dear Christopher,

Account #: 58697694

Please call our NetCredit Support Team at **(877) 392-2016** or **sign in** to your account to make a payment as soon as possible.

You can now make payments online with a valid debit card or bank account on file.

Click Here to Make a Payment Now

As one of our valued customers, this is a friendly reminder that your NetCredit account is currently past due.

Sincerely,

The NetCredit Collections Team
Phone: (877) 392-2016
Email: **collections@netcredit.com**
Fax: (855) 878-1070
**www.netcredit.com**

NetCredit
175 W. Jackson Blvd., Suite 600
Chicago, IL 60604

**collections@netcredit.com**

**View as web page**

**(877) 392-2016**

The purpose of this communication is to collect a debt and any information obtained will be used for that purpose.

Validation of Debt Notification:

Federal law gives you 30 days after you receive this notice to dispute the validity of the debt or any part of it. If you do not dispute it within that period, we will assume that it is valid. If you do dispute this debt by notifying us in writing to that effect we will, as required by law, obtain and mail to you proof of the debt.

All NetCredit loans and lines of credit are underwritten by, approved by and funded by either NetCredit, Republic Bank & Trust Company, or Transportation Alliance Bank, Inc. See your loan or line of credit documents,or visit **https://www.netcredit.com/lending-partners**, for lender information and details. All loans and lines of credit are serviced by NetCredit.

For California Customers: The state Rosenthal Fair Debt Collection Practices Act and Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8am or after 9pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or **www.ftc.gov**.

If you are a debtor in an active bankruptcy case or have received a discharge in bankruptcy with respect to the above-referenced loan, this letter is for informational purposes only and is not a demand for payment or an attempt to collect a debt from you personally.

To stop further collection emails, please fill out the collections opt-out form: **www.netcredit.com/collections-opt-out.**

# Exhibit B

Gmail **Nicholas Gioino <nicholas@jibraellaw.com>**

**Re: Christopher Sharp Net Credit sent another one after I emailed them to stop contacing or calling me Fwd: Please Pay Off Your Past Due Balance**
1 message

**Chris** <reckognize6996@gmail.com> Sun, Feb 15, 2026 at 7:26 PM
To: Nick Jibrael Hindi Team <Nicholas@jibraellaw.com>

---------- Forwarded message ---------
From: **NetCredit** <mail@e.netcredit.com>
Date: Sun, Feb 15, 2026, 4:30 PM
Subject: Please Pay Off Your Past Due Balance
To: <reckognize6996@gmail.com>

NetCredit
CREDIT TO THE PEOPLE

# Please Make a Payment Today

Dear Christopher,

Account #: 58697694

Please call our NetCredit Support Team at **(877) 392-2016** or **sign in** to your account to make a payment as soon as possible.

You can now make payments online with a valid debit card or bank account on file.

Click Here to
Make a Payment Now

As one of our valued customers, this is a friendly reminder that your NetCredit account is currently past due.

Sincerely,

The NetCredit Collections Team
Phone: (877) 392-2016
Email: **collections@netcredit.com**
Fax: (855) 878-1070
**www.netcredit.com**

NetCredit
175 W. Jackson Blvd., Suite 600
Chicago, IL 60604

**collections@netcredit.com**

**View as web page**

**(877) 392-2016**

The purpose of this communication is to collect a debt and any information obtained will be used for that purpose.

Validation of Debt Notification:

Federal law gives you 30 days after you receive this notice to dispute the validity of the debt or any part of it. If you do not dispute it within that period, we will assume that it is valid. If you do dispute this debt by notifying us in writing to that effect we will, as required by law, obtain and mail to you proof of the debt.

All NetCredit loans and lines of credit are underwritten by, approved by and funded by either NetCredit, Republic Bank & Trust Company, or Transportation Alliance Bank, Inc. See your loan or line of credit documents,or visit **https://www.netcredit.com/lending-partners**, for lender information and details. All loans and lines of credit are serviced by NetCredit.

For California Customers: The state Rosenthal Fair Debt Collection Practices Act and Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8am or after 9pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or **www.ftc.gov**.

If you are a debtor in an active bankruptcy case or have received a discharge in bankruptcy with respect to the above-referenced loan, this letter is for informational purposes only and is not a demand for payment or an attempt to collect a debt from you personally.

To stop further collection emails, please fill out the collections opt-out form: **www.netcredit.com/collections-opt-out.**